# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GMF ELCM FUND L.P., GMF ELCM LLC, GMF ELCM REGENCY I LLC and GMF ELCM REGENCY II LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 2018-0840-SG |
| ELCM HCRE GP LLC, ELCM SPONSOR I HOLDCO LLC, ELCM PARTNERS, LLC, ELCM ASSET MANAGER HOLDCO LLC and ANDREW WHITE, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| EAST LAKE CAPITAL MANAGEMENT LLC, ELCM HEALTHCARE REAL ESTATE FUND LP, ELCM SPONSOR I LLC and GMF RSL BUYER LLC, | ) ) ) ) ) ) | |
| Nominal Defendants. | ) | |

## MEMORANDUM OPINION

Date Submitted: May 6, 2020
Date Decided: May 18, 2020

David E. Ross and Bradley R. Aronstam, of ROSS ARONSTAM & MORITZ, Wilmington, Delaware; OF COUNSEL: Joshua S. Amsel and Matthew R. Friedenberg, of WEIL, GOTSHAL & MANGES LLP, New York, New York, *Attorneys for Plaintiffs.*

Joseph H. Huston, Jr., of STEVENS & LEE, P.C., Wilmington, Delaware; OF COUNSEL: Robert K. Keach, BERNSTEIN, SHUR, SAWYER & NELSON, Portland, Maine, *Attorneys for Receiver.*

Andrew White, *pro se.*

Ryan P. Newell, Kyle Evans Gay, and Shaun Michael Kelly, of CONNOLLY GALLAGHER LLP, Wilmington, Delaware, *Attorneys for Nominal Defendants.*

GLASSCOCK, Vice Chancellor

Before me is the Plaintiffs' Motion for a Temporary Restraining Order and Interim Charging Order, as well as their Motion for a Charging Order and Status Quo Order. The purpose of the temporary restraining order (the "TRO") and the interim charging order (the "Interim Charging Order") is to provide interim relief until the resolution of the Plaintiffs' request for a permanent charging order. I find that the TRO should issue and the Interim Charging Order be imposed.

## I. BACKGROUND[1]

Over the course of this Action, this Court has entered judgments against the individual Defendant, Andrew White, exceeding $350,000.[2] The bulk of this sum represents sanctions for White's actions in this matter, and a portion is being collected by the Plaintiffs, at my direction, to compensate the former receiver (the "First Interim Receiver") for outstanding fees incurred due to White's misconduct

---

[1] I draw these limited facts from the parties' papers and exhibits submitted in connection with the motions at issue. A fuller recitation describing the parties, the facts of the case, and its gnarled procedural history can be found in *GMF ELCM Fund L.P. v. ELCM HCRE GP LLC*, 2019 WL 3713844 (Del. Ch. Aug. 7, 2019).

[2] *See* Order and Partial Final J., Docket Item ("D.I.") 216 (ordering judgment of $329,236.91 plus interest); Order Granting GMF Ventures, LLC's Mot. to Compel Def. Andrew White to Appear for Deposition and for Sanctions, D.I. 251 (ordering judgment of $32,440.18 plus fees).

in his dealings with the First Interim Receiver.[3]  To date, White has not paid any portion of those judgments.[4]

Through discovery, the Plaintiffs found that White is the 100% owner of two limited liability companies that generate income through leases of senior care facilities in Connecticut.  White owns a 100% interest in EL FW Leasing LLC ("FW Leasing"), and EL FW Intermediary I LLC ("FW Intermediary" and together with FW Leasing, the "FW Entities").[5]  FW Intermediary entered a lease (the "Master Lease") for two properties from a subsidiary of National Health Investors, Inc. ("NHI").[6]  FW Intermediary then subleased those two properties (the "FW Sublease") to a third-party operator ("Watermark").[7]  According to White, Watermark delivers a monthly sublease rent payment directly to NHI.  NHI retains the amount due under the Master Lease and remits the balance to FW Intermediary.[8]

---

[3] *See* Order and Partial Final J., D.I. 216; Order Regarding Payment of Receiver's Fees, D.I. 168. The First Interim Receiver was William B. Chandler III.  *See* Letter to the Honorable Sam Glasscock III from William B. Chandler III regarding Fees and Status of Receivership, D.I. 140.

[4] Pls.' Mot. for a Charging and Status Quo Order, D.I. 329, Ex. A, Dep. of Andrew White dated December 11, 2019 ("White Dep."), at 723:24–724:6.

[5] White Dep., at 700:17–18, 756:10–11.  FW Intermediary is a wholly owned subsidiary of FW Leasing, and thus White owns a 100% interest in FW Intermediary.

[6] Def.'s Supplemental Response to Pls.' Mot for a Temporary Restraining Order, Charging Order, and Status Quo Order, D.I. 336 ("Def.'s Supplemental Response"), at 2.

[7] *Id.*

[8] *Id.* at 4–5.

The Plaintiffs seek to subject the subsequent distribution of these funds to the sole member, White, to a charging order.

Under 6 *Del. C.* § 18-703, a charging order acts as a lien against White's membership interest in the FW Entities. Such a charging order gives judgment creditors "the right to receive any distribution or distributions to which the judgment debtor would otherwise have been entitled," but it does not grant "any right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company."[9]

At argument on April 27, 2020, I issued a status quo order from the bench, requiring White to maintain the FW Entities in the ordinary course of business and not to take any action that would put assets out of reach of the Plaintiffs.[10] In evaluating the Plaintiffs' Motion for a TRO, I considered (i) whether the Plaintiffs stated a colorable claim; (ii) whether the Plaintiffs faced irreparable harm in the absence of a TRO; and (iii) whether a balancing of the equities favored the Plaintiffs.[11] I found that the Plaintiffs stated a colorable claim because they have outstanding judgments in this Court, arising as sanctions for White's misconduct, which he claimed to be unable to satisfy. I found that the Plaintiffs faced irreparable

---

[9] 6 *Del. C.* 18-703(b), (e).

[10] *See* Oral Argument Tr., D.I. 342, at 37:18–38:3.

[11] *Arkema v. Dow Chemical Co.*, 2010 WL 2334386, at *3 (Del. Ch. May 25, 2010).

harm because, based on this litigation's history, I find a likelihood that in the absence of injunctive relief White will act to make the assets unavailable to the Plaintiffs. I deferred judgment on the third prong, the balancing of the equities, because White represented that a charging order on his membership interests would cause a default of the Master Lease, harming the FW Entities and thus both his and the Plaintiffs' interests. I ordered White to provide the relevant documentation concerning the leases and allowed the parties to supplement their papers. They have done so; this Memorandum Opinion is the result.

## II. ANALYSIS

White asserts that a charging order on his membership interest will cause FW Intermediary to default on the Master Lease in two ways: first, he argues it will create a prohibited lien; second, he argues it will constitute a prohibited transfer or assignment of interest, including a prohibited change in control. Having reviewed the Master Lease and the parties' arguments, however, I find that a charging order under 6 *Del. C.* § 18-703 is unlikely to cause a default of the Master Lease or otherwise damage the FW Entities, and therefore the Plaintiffs' Motion for Temporary Restraining Order and Interim Charging Order should be granted.[12]

---

[12] As I indicated at argument, the imposition of a permanent charging order awaits adjudication of the Plaintiffs' Motion for Summary Judgment currently being briefed.

4

The Master Lease provides that "Tenant [i.e. FW Intermediary] shall not create or allow to remain and shall promptly discharge at its expense any lien, encumbrance, attachment, title retention agreement or claim upon any portion of the Property caused by Tenant or its Agents or on Tenant's Accounts. . ."[13] The Master Lease defines "Property" as "the Facilities and all rights related to the use and operation of the Facilities. . ."[14] The Master Lease defines "Accounts" as including "cash and accounts receivable . . . and other rights to payment arising from the Facilities now existing or hereafter arising."[15] A charging order does not constitute a lien on Property or Accounts as defined in the Master Lease. Under 6 *Del. C.* § 18-703, the charging order is a lien on White's right to distributions from FW Intermediary, *not* a lien on any interest of FW Intermediary under the Master Lease. In other words, the charging order only attaches when FW Intermediary would otherwise make a distribution to its sole owner, White. Because the charging order attaches to distributions from FW Intermediary to White, it is not a lien on "the Facilities and all rights related to the use and operation of the Facilities," or "rights to payment arising from the Facilities," which are rights that belong to FW

---

[13] Def.'s Supplemental Response, Ex. A, Master Lease between NHI-REIT, of Axel, LLC and EL FW Intermediary I LLC ("Master Lease"), § 12.1.

[14] *Id.*, Art. I, Definitions, "Property." "Facilities" is a defined term. The copy of the Master Lease White provided does not include the page that includes the definition of "Facilities." In the definition of "Property," White underlined the phrase "all rights related to the use and operation of the Facilities," and hand-wrote underneath, "including rights to distributions." *Id.*

[15] *Id.*, Art. I, at 1.

5

Intermediary as the "Tenant." Therefore, a charging order on White's interest in FW Intermediary would not constitute a prohibited lien under the Master Lease.

The Master Lease also provides that any prohibited transfers or assignments will result in default.[16] The only expressly permitted transfer is the sublease.[17] Prohibited transfers include, "an assignment of delegation (whether by operation of law, transfers of interests in Tenant, Subtenant or otherwise) of Tenant's or Subtenant's rights under the Lease or a Facility Sublease" or "a Change in Control."[18] "Change in Control" means "a transfer, assignment, or other event that results in [FW Intermediary] no longer being directly or indirectly Controlled by Andrew White . . ."[19] "Control," in turn, means "the possession, directly or indirectly, of the power to direct or cause the direction of the management or policies of such entity . . . including the right to act as managing member."[20] 6 *Del. C.* § 18-703(e) specifically provides that "[n]o creditor of a member . . . shall have any right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company."[21] In other words, the

---

[16] *See id.* § 17.1(j).

[17] *See id.* § 21.4.

[18] *Id.*, Art. I, Definitions, "Transfer."

[19] *Id.*, Art. I, Definitions, "Change of Control."

[20] *Id.*, Art. I, Definitions, "Control."

[21] 6 *Del. C.* § 18-703(e).

charging order would not affect White's ability to control FW Intermediary, nor does it grant the Plaintiffs any interest in FW Intermediary's rights under the Master Lease. The charging order gives "*only* the right to receive any distribution" that would otherwise go to White.[22] No rights, equitable or legal, transfer. Control of FW Intermediary remains with White. Therefore, a charging order would not cause a default of the Master Lease through a prohibited transfer or assignment, including a change of control.

Based on the foregoing, I find that the balance of the equities favors the Plaintiffs because a charging order under 6 *Del. C.* § 18-703 is unlikely to cause a default of the Master Lease. I therefore grant the Plaintiffs' Motion for Temporary Restraining Order and Interim Charging Order. The Plaintiffs' request for a permanent charging order awaits resolution of the pending Motion for Summary Judgment.

### III. CONCLUSION

The Plaintiffs' Motion for Temporary Restraining Order and Interim Charging Order is granted. An appropriate Order accompanies this Memorandum Opinion.

---

[22] 6 *Del. C.* § 18-703(a) (emphasis added).

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| GMF ELCM FUND L.P., GMF ELCM LLC, GMF ELCM REGENCY I LLC and GMF ELCM REGENCY II LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 2018-0840-SG |
| ELCM HCRE GP LLC, ELCM SPONSOR I HOLDCO LLC, ELCM PARTNERS, LLC, ELCM ASSET MANAGER HOLDCO LLC and ANDREW WHITE, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| EAST LAKE CAPITAL MANAGEMENT LLC, ELCM HEALTHCARE REAL ESTATE FUND LP, ELCM SPONSOR I LLC and GMF RSL BUYER LLC, | ) ) ) ) ) ) | |
| Nominal Defendants. | ) | |

**ORDER**

AND NOW, this 18th day of May, 2020, for the reasons set forth contemporaneously in the attached Memorandum Opinion dated May 18, 2020, IT IS HEREBY ORDERED that:

1. The Plaintiffs' Motion for Temporary Restraining Order and Interim Charging Order is GRANTED.

8

2. Under 6 *Del. C.* § 18-703, "any distribution or distributions to which the judgment debtor would otherwise have been entitled in respect of such limited liability company interest" shall be made directly to the Plaintiffs in satisfaction of amounts outstanding.

3. Any amounts paid to the Plaintiffs shall first be used to satisfy outstanding fees of the First Interim Receiver before the amounts are applied to judgments in favor of the Plaintiffs.

4. The status quo order issued from the bench on April 27, 2020 shall remain in effect; under this status quo order, White shall maintain the FW Entities in the ordinary course of business and refrain from putting any assets outside the reach of the Plaintiffs.

5. This order shall terminate upon the issuance of an order following a hearing on the Plaintiffs' request for a permanent charging order.

IT IS SO ORDERED.

/s/ Sam Glasscock III

Vice Chancellor

9